EX PARTE DURÁN, PETITIONER AND APPELLANT. (COLÓN ET AL., CONTESTANTS AND APPELLEES.)

APPEAL from the First District Court of San Juan in an Action to Contest the Accounting of an Administrator.

No. 3162.—Decided May 31, 1924.

ADMINISTRATION— HEIRS— PAYMENT OF LEGACIES— NATURAL CHILDREN— FALCIDIAN PORTION.—Where the heirs are a single legitimate child and several natural children the latter are entitled to the entire Falcidian portion, which is equal to one-half of the legitime belonging to the legitimate child. This free third, as a forced legitime, can not be reduced by gifts, bequests or legacies made in a will, and it is no excuse for an administrator who has paid legacies in such circumstances out of the free third that he was authorized to do so by the court, when such payment was made after the action of filiation had been brought.

ID.—ID.—COSTS—FILIATION.—The payment of costs, expenses and attorney's fees in an action of filiation decided in favor of the plaintiff should not be charged to the estate, but to the defendants exclusively.

The facts are stated in the opinion.

*Messrs. J. de Guzmán Benítez* and *J. Martínez Dávila* for the appellant.

*Mr. L. Muñoz Morales* for the appellees.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an appeal from an order of the lower court refusing to approve certain items of a final administration account presented by Julia Durán as administratrix of the estate of José Manuel Batista, deceased.

The minors Petronila and María Gil Batista Colón, acknowledged natural daughters of the deceased, opposed the said items for the following reasons:

Items 3, 4 and 6, which show the payment of certain legacies, because the hereditary share of the said minors should be paid out of the free third and such legacies can not be paid out of it.

Items 9, 10, 12, 17, 39 and 40, which refer to payments

to the stenographer, process server, witnesses, etc., and payment of fees of attorneys for plaintiffs and defendants, because such expenses should not be charged to the estate, but to the widow and legitimate child against whom the action of filiation was brought.

And items 41, 42 and 43, which include expenses for the support and maintenance of the legitimate child, because they are excessive. However, the order of the court did not include these last items.

The record in this appeal contains only the following: (a) The account rendered by the administratrix; (b) the objection of the appellees, and (c) the order of the court from which the appeal was taken.

From this record, however, it appears that José Manuel Batista made a will leaving certain legacies shown by the account to have been paid; that at his death his widow and a single legitimate child were the only heirs of the deceased; that later the minors Petronila and María Gil Batista were declared to be his natural children by a court judgment; that the legacies were paid after the action of filiation had been brought by the natural children.

Section 2 of the Act to amend and repeal certain sections of the Civil Code, approved March 9, 1905, provides that the legal portion of legitimate children and descendants is composed of two-thirds of the hereditary estate and that the remaining third shall be of free disposal. Section 14 prescribes as follows:

"Sec. 14.—When the testator leaves legitimate children or descendants, and natural children, legally acknowledged, each of the latter shall have a right to a portion equal to one-half of that pertaining to each of the legitimate children who have not received any additional portion; *Provided*, it can be included in the third which may be freely disposed of, from which it must be taken, after the burial and funeral expenses have been deducted.

"The legitimate children may pay the portion pertaining to the natural ones in cash, or in other property of the estate, according to just rules."

In this case the testator left only one legitimate child and the natural children; therefore, the latter are entitled to the entire free third, which is equal to one-half of the legitime belonging to the legitimate child.

This free third, as a forced legitime, can not be reduced by gifts, bequests or legacies made in a will. Such gifts or legacies shall be respected only when the legitime can be covered, reducing or annulling them if necessary. Section 805 and subdivision 1 of section 808 of the Civil Code. And as the entire free third belongs to the natural children it is physically impossible that the legacies be paid out of it, whatever may be the importance of the estate and of the legacies left by the testator.

The appellant insists, however, that payment of these legacies was made before the judgment had been rendered declaring that the appellees were natural children and that authorization of court was obtained for making such payments. In any event, the authorization of the lower court was subject to section 808, *supra,* apart from the fact that the appellant was not justified in asking for such authorization and hastily paying the legacies after the action of filiation had been brought involving a legal question of which it must be presumed that she was well informed by her attorney, for ignorance of the law is no excuse. and the consequences of such payments could not be thus avoided. Section 2 of the Civil Code.

The lower court, therefore, did not err in refusing to approve the payment of the legacies by the appellant, or the other items not approved, inasmuch as the expenses, disbursements and attorney's fees included in the said items were incurred in the exclusive interest of the widow and the legitimate child in defending the action of filiation, the result of which benefited or prejudiced them alone.

For the foregoing reasons the judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.